UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| INTERMOUNTAIN FAIR HOUSING COUNCIL,<br><br>Plaintiff,<br><br>v.<br><br>RAFTER SQUARE, L.L.C.,<br><br>Defendant. | Case No. 3:10-CV-284-REB<br><br>ORDER SETTING SETTLEMENT CONFERENCE |

United States Magistrate Judge Ronald E. Bush, the presiding trial judge, referred this matter to United States Magistrate Judge Larry M. Boyle for settlement conference by order dated September 2, 2010. (Docket No. 16). Accordingly,

IT IS HEREBY ORDERED that a settlement conference is set for **9:00 am, Thursday, December 16, 2010,** at the United States Courthouse in Coeur d'Alene, Idaho.

IT IS FURTHER ORDERED that each party and their counsel to come to the Settlement Conference prepared as follows:

1. Counsel for all parties shall confer by telephone conference call prior to the Settlement Conference to narrow and/or resolve issues with the goal of facilitating settlement.

2. Prior to the Settlement Conference, counsel for all parties shall exchange reasonable offers of settlement and be prepared to advise the Court of the offers extended and the

ORDER 1

correlating responses to each offer made.

  3. At the outset of the Settlement Conference, all counsel shall be prepared to state to the opposing party and its counsel the opposing party's position to the satisfaction of the opposing party and its counsel.

  4. All parties and their counsel shall come to the Settlement Conference prepared with a reasonable plan to resolve and fully settle the instant action. In sum, counsel and parties will be expected to participate in the Settlement Conference with a mind set, attitude and creative approach of being problem solvers.

  5. Each party shall prepare and submit to the Court on or before **Thursday, December 9, 2010, at 5:00 p.m. (MST),** a candid summation of its assessment of the strengths of its case and the strengths of the opposing party's case. The **confidential** summation shall be submitted *in camera* to Judge Boyle at 550 W Fort St, Boise, ID 83724 or via email to LMB_Orders@id.uscourts.gov. Further, the Court requests that each party set forth specific reasons why the case should settle. Except in unusual cases, the summation should not exceed ten pages. The summation should include a review of the facts, provable damages, the party's assessment of its probability of prevailing on any disputed facts, and a brief discussion of any legal authority the party contends would materially enhance its position at trial. The settlement brochure should include a history of past settlement negotiations and the reasonable and realistic settlement value, if any, the party presently places on the litigation. *Failure to timely submit the summation may result in the settlement conference being vacated*. (See attached questionnaire, Attachment "B," for requested information.)

**ORDER 2**

6. All parties shall be **personally present** and must be represented by lead or chief counsel authorized to participate in settlement negotiations. In the case of businesses, corporations, governmental entities, etc., a representative for every party with **full settlement authority** must be **personally present** at the settlement conference. If any of the parties are appearing or defending the action under an insurance agreement, an insurance company representative **fully authorized** to settle the case must be **personally present** at the settlement conference.

In sum, <u>all</u> parties in this matter necessary to conduct an effective settlement conference shall be personally represented by someone in attendance at the settlement conference with full settlement authority.

7. Counsel shall be knowledgeable about the facts of the case and be prepared to candidly discuss the same with the settlement judge.

8. Attachment "A" is a sample outline of the usual agenda followed by the undersigned Judge.

9. All information provided to and communications with the settlement judge shall be held in confidence. All written material submitted will be returned to the submitting party upon termination of the settlement proceedings.

10. All oral statements, written documents, or other materials considered during the settlement procedure shall be held in confidence and may not be used in any way against any party to this litigation.

**ORDER 3**

11. Pursuant to D. Id. L. Civ. R. 16.4(b), none of the matters or information discussed during the conference will be communicated to the trial judge.

DATED: **November 17, 2010**.



_____
Honorable Larry M. Boyle
United States Magistrate Judge

**ORDER 4**

# ATTACHMENT "A"
## SETTLEMENT CONFERENCE AGENDA

- Convening of settlement conference by Judge Boyle

- Description by judge of purpose and procedures of the conference

- Discussion of the problems that divide the parties

- Statement by the plaintiff's attorney of what the plaintiff would like to achieve in a settlement

- Statement by the defendant's attorney of what the defendant would like to achieve in a settlement

- Summary of the areas of mutual interest of the parties by the settlement judge

- Exploration of options for settlement

- Opportunities for each of the parties and their attorneys to consult in private concerning the options

- Opportunities for each of the parties and their attorneys to meet with Judge Boyle in private concerning the options and the merits of their case

- Mediation by Judge Boyle to assist the parties and their attorneys in reaching a settlement

- Settlement, if the parties agree.

**ORDER 5**

# ATTACHMENT "B"

## SETTLEMENT CONFERENCE QUESTIONNAIRE

1. Statement of facts pertinent to settlement.

2. Plaintiff's theories of recovery if not obvious.

3. If liability not admitted, bona fide defenses and counterclaims tendered by Defendant.

4. Damages - Plaintiff should list the specials incurred and claimed. Do not use the maximum possible figures but what is deemed reasonable and what will be presented at trial. List special and general damages separately. Defendant should list what is claimed to be a reasonable amount where items are contested.

5. Summarize the bona fide disputes regarding damages.

6. Weaknesses.

7. Plaintiff's evaluation of fair settlement.

8. Defendant's evaluation of fair settlement.

9. May the Court disclose these figures to the opposing party at the commencement of the conference?

10. If Plaintiff recovers a judgment, is the question of apportionment of and liability among Defendant(s) a factor affecting negotiations?

11. Are there viable sources from whom Defendant may seek contribution?

12. Do you feel the other party has negotiated in good faith?

13. Does either party have client problems which affect these negotiations?

14. Do client and attorney disagree on the settlement value?

15. What factors not discussed above have hampered settlement negotiations?

**ORDER 6**

16. State your opinion as to the bona fide chance for settlement in this matter.

17. Are there legal questions which effectively bar serious settlement negotiations?

18. Do you want the settlement judge to give preliminary, non-binding predictions as to such rulings to assist in settlement negotiations?

19. Are mediation or arbitration of certain areas or the entire matter viable options?

20. Do Defendants (if more than one) want separate or joint conferences with the judge when Plaintiff(s) is excluded?

21. Do Plaintiffs (if more than one) want separate or joint conferences with the judge when Defendant(s) is excluded?

22. Expenses of litigation:
    To date:
    Estimate of present to conclusion:

**ORDER 7**