UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| INTERMOUNTAIN FAIR HOUSING COUNCIL,<br><br>              Plaintiff,<br><br>   v.<br><br>RAFTER SQUARE, L.L.C.<br><br>              Defendant. | Case No. CV 3:10-284-REB<br><br>**ORDER** |

The parties consented to proceed before a United States Magistrate Judge, *see* Dkt. No. 19, and agreed to settle their dispute in accordance with the following terms and conditions, *see* Dkt. No. 22. Accordingly, the Court adopts the parties' agreement in its entirety and enters the following order with one small clarification. To the extent a party seeks to enforce the order pursuant to the "Change in Policy" outlined below, the Court will require a showing that the alleged violation of the Fair Housing Act, 42 U.S.C. §3601 et seq., is somehow connected to the instant lawsuit.

## I. INTRODUCTION

**A.    Background**

    1. This Consent Order is entered between the Plaintiff Intermountain Fair Housing Council and the Defendant Rafter Square, L.L.C.

ORDER - 1

2. The real property that is the subject of this action is the Hillcrest Apartments located at 501 Airway Avenue, Lewiston, Nez Perce County, Idaho 83501 (hereinafter "the Subject Property").

3. In this action, the Plaintiff alleges that violations occurred at the Subject Property on the following bases: Count One—Discrimination on the Basis of "Handicap" in violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*; and Count Two—Negligence.

**B.    Parties**

1. The Plaintiff is a nonprofit organization organized under the laws of the State of Idaho with its principal place of business at 350 North 9th Street, Suite M-100, Boise, Idaho 83702. Its mission is to advance equal access to housing for all persons without regard to race, color, sex, religion, national origin, familial status, or disability, and to increase the pool of accessible housing available to the disabled. The Plaintiff serves persons with disabilities through, among other things, education on the fair housing laws, assistance with complaints, and referrals to accessible properties. The Plaintiff also provides education and outreach on fair housing laws and practices to housing consumers, housing providers, builders, architects, and others. The Plaintiff is seeking relief on behalf of itself as well as the other named victim, Teresa Jansen, identified in the Verified Complaint and Demand for Jury Trial (Doc. 1) as "T.J.".

ORDER - 2

2. The Defendant is a business organized under the laws and doing business in the State of Washington. Its principal place of business is 2338 Florance Lane, Clarkston, Washington 99403. The Defendant is the owner of the Subject Property.

**C.     Relevant Legal Requirements**

1. The portions of the Fair Housing Act and its implementing regulations relevant to Count One prohibit the following:

    a. Discrimination in the sale or rental of, and otherwise made unavailable and denied, a dwelling on the basis of "handicap". 42 U.S.C. §3604(f)(1).

    b. Discrimination in the terms, conditions and privileges of the sale or rental of a dwelling, and the services and facilities in connection therewith, on the basis of "handicap". 42 U.S.C. §3604(f)(2).

    c. Refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a person equal opportunity to use and enjoy a dwelling. 42 U.S.C. §3604(f)(3)(B).

    d. Making, printing or publishing a notice or statement with respect to the sale or rental of a dwelling that indicates a preference, limitation or discrimination based on "handicap". 42 U.S.C. §3604(c).

    e. Interference, coercion or intimidation in the exercise or enjoyment of rights granted by 42 U.S.C. §§3603 and 3604.

f.  Making impermissible inquires into the nature or severity of an applicant's disability.  24 C.F.R. §100.202(c).

2.  Count Two is based upon common law negligence.

**D.     Consent of the Parties to Entry of this Order**

1.  The parties to this proceeding agree that this Court has jurisdiction over the subject matter of this case pursuant to 42 U.S.C. §3613 and 28 U.S.C. §§1331, 1332, 1337, 1343 and 2201.

2.  The parties further agree that this controversy should be resolved without further proceedings and without an evidentiary hearing.

3.  The parties further agree that Teresa Jansen, the other named victim herein, is disabled (this term is used interchangeably with "handicapped") pursuant to 42 U.S.C. §§416, 423 and 3602, and those statutes' implementing regulations.

4.  The Defendant denies that it has violated the law, and this Consent Order does not constitute any admission of liability on the part of the Defendant.

5.  As indicated by the signatures appearing below, the parties hereto agree to the terms set forth herein and to the entry of this Consent Order by the Court.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

**A.     Monetary Damages.**

The Defendant will pay the total sum of THIRTEEN  THOUSAND SEVEN HUNDRED AND FIFTY DOLLARS ($13,750.00) in monetary damages as follows:

1.  The sum of TEN THOUSAND TWO HUNDRED FIFTY DOLLARS ($10,250.00) to the Plaintiff Intermountain Fair Housing Council on or before the 1st day of February, 2011; and

2.  The sum of THREE THOUSAND FIVE HUNDRED DOLLARS ($3,500.00) to Teresa Jansen on or before the 1st day of February, 2011.

**B.     Fair Housing Education.**

The Defendant's owners shall complete a training course regarding the requirements of the Fair Housing Act within nine months of the entry of this Consent Order. Said training course shall be provided by the Plaintiff at no cost to the Defendant and shall consist of no less than two hours of training time.

**C.     Change of Policy.**

The Defendant shall operate in compliance with the requirements of the Fair Housing Act, 42 U.S.C. §3601 et seq.

**D.     Duration of Order and Termination of Legal Action**

1.  This Consent Order shall remain in effect for one (1) year after the date of its entry.

2.  The Verified Complaint and Demand for Jury Trial (Doc. 1) filed in this proceeding is dismissed with prejudice. The Court, however, shall retain jurisdiction for the term of this Consent Order to enforce the terms of this Order.

**E. ATTORNEY'S FEES AND COSTS.**  Each party hereto shall bear its own attorney's fees and costs associated with this action.

IT IS SO ORDERED.



DATED:  **January 25, 2011**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

AGREED TO BY THE PARTIES AND THEIR RESPECTIVE ATTORNEYS AS INDICATED BY THEIR SIGNATURES APPEARING BELOW:

INTERMOUNTAIN FAIR HOUSING COUNCIL:

By: _____/s/_____
Richard Mabbutt
Executive Director
Intermountain Fair Housing Council


_____/s/_____
KEN NAGY
Attorney at Law
Attorney for Plaintiff

RAFTER SQUARE, L.L.C.:

By: _____/s/_____
    Tammy Poole
    Member
    Rafter Square, L.L.C.


_____/s/_____
BENTLEY STROMBERG
Clements, Brown & McNichols
Attorney for Defendant